**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HEALTH FIRST PHARMACEUTICAL INC. t/a SPRINGVIEW PHARMACY<br><br>Plaintiff,<br><br>v.<br><br>OPTUM RX<br><br>Defendant. | Civil Action No.:<br>2:24-cv-08041-SDW-JBC |

**MEMORANDUM OF LAW**
**IN OPPOSITION TO OPTUM RX'S MOTION TO DISMISS**

**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
290 W. Mt. Pleasant Avenue
Suite 2370
Livingston, New Jersey 07039
(973) 533-1000
Mark Y. Moon, Esq. (019492006)
mmoon@trenkisabel.law
Attorneys for Plaintiff Health First Pharmaceutical Inc. t/a Springview Pharmacy

Of Counsel:
Mark Y. Moon, Esq.

On the Brief:
Mark Y. Moon, Esq.
Satish V. Poondi, Esq.

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 3

STANDARD OF REVIEW ........ 4

LEGAL ARGUMENT ........ 5

POINT I ........ 5

WHETHER SPRINGVIEW VIOLATED THE TERMS OF OPTUM'S PHARMACY NETWORK IS A DISPUTE SUBJECT TO ARBITRATION UNDER THE ARBITRATION PROVISION IN OPTUM'S PHARMACY MANUAL ........ 5

A. Section K of the Manual is not applicable as Springview's Termination was Not a "Immediate Termination." ........ 5

B. Allowing Optum to Terminate a Pharmacy Without Arbitration While Requiring a Pharmacy to Challenge Termination Through Arbitration is Unconscionable ........ 6

C. Any Ambiguities in the Manual Are Interpreted Against Optum ........ 9

POINT II ........ 12

THE FEDERAL DISTRICT COURT HAS THE JURISDICTION TO PROVIDE PROVISIONAL REMEDIES SUCH AS A STAY PENDING ARBITRATION EVEN IF CLAIMS ARE SUBJECT TO ARBITRATION ........ 12

CONCLUSION ........ 16

# TABLE OF AUTHORITIES

## Cases


24 Hour Fitness, Inc. v. Superior Court,
66 Cal. App. 4th 1199 (1998) ........................................................................8

Boland v. Boland,
7 Cal. App. 2d 401 (1935)..........................................................................10

City of San Diego v. Rider,
47 Cal. App. 4th 1473 (1996) ......................................................................10

Fowler v. UPMC Shadyside,
578 F.3d 203 (3d Cir. 2009)..........................................................................4

Harris v. Green Tree Fin. Corp.,
183 F3d 173 (3d Cir. 1999)...........................................................................8

Hedges v. United States,
404 F.3d 744 (3d Cir. 2005)..........................................................................4

Malleus v. George,
641 F.3d 560 (3d Cir. 2011)..........................................................................4

Moncharsh v. Heily & Blase,
3 Cal.4th 1 (1992) ........................................................................................8

Nami v. Fauver,
82 F.3d 63 (3d Cir. 1996)..............................................................................4

Ortho Pharmaceutical Corp. v. Amgen, Inc.,
882 F.2d 806 (3d Cir. 1989)................................................................. 13, 14

Platt, LLC v. OptumRx, Inc.,
2023 WL 2507259 *1 (Cal. Ct. App. Mar. 15, 2023)..........................................7, 8

Spence v. Omnibus Industries,
44 Cal. App. 3d 970 (Ct. App. 1975)..............................................................9

Teradyne, Inc. v. Mostek Corp.,
797 F.2d 43 (1st Cir. 1986) ............................................................................14

Thompson v. Neinabar,
239 F.Supp.2d 478 (D.N.J. 2002) ............................................................... 14, 15

Wyndham Construction, LLC v. Columbia Casulty Insurance Co.,
208 F.Supp.3d 599 (D.N.J. 2016) ....................................................................9

**Statutes**

N.J.S.A. 17:48-6j..............................................................................................11

**Rules**

Federal Rule of Civil Procecure 12.....................................................................4

## PRELIMINARY STATEMENT

Plaintiff Health First Pharmaceutical Inc. trading as Springview Pharmacy ("Springview") submits this Memorandum of Law in opposition to the motion to dismiss (the "Motion") filed by Defendant Optum Rx ("Optum"). As set forth in Optum's Motion, Optum is: (i) seeking dismissal of Springview's application for preliminary injunctive relief arguing that its termination of Springview from its pharmacy network is not subject to arbitration; and (ii) seeking a stay of this proceeding pending arbitration.

As to Optum's first argument, Optum's Motion fails under the requirements set forth under its own Pharmacy Provider Manual (the "Manual") which provides that all dispute are subject to arbitration. While, the Manual does expressly remove immediate termination from the definition of a "dispute," Optum acknowledges that its termination of Springview was not an immediate termination. As a result, Optum cannot rely upon the provision governing immediate termination as a basis to avoid the mandatory arbitration provisions in the Manual. Based on Optum's claims that it was terminating Springview based on alleged breach of the terms and conditions governed by the Manual, Optum's claims against Springview are subject to arbitration.

As to Optum's second argument, Springview does not object to the stay of this proceeding pending the arbitration between Springview and Optum. Instead,

Springview argues that the entry of preliminary injunctive relief pending arbitration is a provisional remedy within the jurisdiction of this Court irrespective of whether such relief is subject to arbitration. Even in circumstances where all claims are subject to arbitration, the District Court is afforded the jurisdiction to grant provisional remedies to protect the effectiveness of the arbitration. As a result, there is no dispute as to whether Springview's application is arbitrable, because whether an application is arbitrable does not impact on whether this Court has the jurisdiction for such relief.

Therefore, for the reasons set forth herein, Optum's Motion must be denied.

## STATEMENT OF FACTS

Springview repeats and incorporates by reference the Statement of Facts set forth in its initial memorandum of law in support of its application for entry of an Order to Show Cause with Temporary Restraints filed with the Chancery Division in the Superior Court of New Jersey. [ECF 1-2] at **2-6. Springview, however, notes that on July 25, 2024, the Honorable Lisa M. Adubato, Judge of the Superior Court entered an Order to Show Cause with temporary restraints, prior to Optum's filing of its Notice of Removal. [ECF 5].

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating such a motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citations omitted). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

To determine the sufficiency of a complaint, a district court must (1) identify the elements a plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quotations and citations omitted). A district court, in weighing a motion to dismiss, asks not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).

## LEGAL ARGUMENT

## POINT I

### WHETHER SPRINGVIEW VIOLATED THE TERMS OF OPTUM'S PHARMACY NETWORK IS A DISPUTE SUBJECT TO ARBITRATION UNDER THE ARBITRATION PROVISION IN OPTUM'S PHARMACY MANUAL

**A. Section K of the Manual is not applicable as Springview's Termination was Not a "Immediate Termination."**

Optum argues that its decision to terminate Springview from its pharmacy network is not subject to arbitration. [ECF 8-1] at **9-13. As captioned in its memorandum of law, Optum posits that it can terminate Springview before conclusion of the arbitration. Id. at *9. Specifically, Optum highlights Section K of the Manual which states that Optum can terminate Springview for cause immediately or without prior notice. Id. at *12 ("any type of dispute must be heard by the AAA, not a court, but certain types of disputes, including disputes regarding immediate termination of a pharmacy, are not required to exhaust the dispute resolution process prior to filing an arbitration"). However, Optum's reliance upon Section K fails, because it directly conflicts with its own acknowledgement that Springview's termination is not an immediate termination. Id. at *3. Specifically, Optum states that:

> Except for immediate termination, **which this case is not**, the parties agreed to "engage in good faith discussions to try to resolve the Dispute."

Id. (emphasis added). Thus, if this matter is not an immediate termination governed under Section K of the Provider Manual, Optum's claims against Springview constitutes a "dispute" under Section L of the Provider Manual. See [ECF 1-1] (Verified Complaint at Exhibit **"A"**). In fact, the provision states in no uncertain terms that disputes regarding termination are subject to arbitration, stating:

> For further avoidance of doubt, all Disputes—**including Disputes regarding termination** hereof or nonrenewal hereof and actual or threatened disclosure of Administrator's Proprietary Information or Client's Proprietary Information—are subject to the arbitration process described herein.

Id. (emphasis added). Therefore, as Optum concedes that this is not an immediate termination, its decision to terminate Springview is subject to arbitration.

### B. Allowing Optum to Terminate a Pharmacy Without Arbitration While Requiring a Pharmacy to Challenge Termination Through Arbitration is Unconscionable

Optum argues that "Springview has not identified any legal authority that has held that language that a dispute must be arbitrated means a party is forbidden from acting until the conclusion of the arbitration." [ECF 8-1] at *12. However, Optum's interpretation of the Manual would provide a circumstance where Optum could terminate a pharmacy from its network without arbitration or adjudication of its allegations. Id. On the other hand, the pharmacy would have to arbitrate its dispute of that termination. Id. This circumstance, as well as Optum's Manual, was actually

litigated before and examined by the California Court of Appeals in Platt, LLC v. OptumRx, Inc.. Platt, LLC v. OptumRx, Inc., 2023 WL 2507259 *1, *10 (Cal. Ct. App. Mar. 15, 2023)[1]. In concluding that provisions of the Manual were both procedurally and substantively unconscionable, the court in Platt explained that:

> To the contrary, the company's argument *supports* the trial court's conclusion.
>
> OptumRx contends that if it imposes a penalty on a pharmacy, the pharmacy can either agree that the penalty is appropriate and pay it, or it can proceed to arbitration where the pharmacy can dispute it. According to OptumRx, this arrangement does not limit a pharmacy's "opportunities" under the arbitration provisions because the pharmacy may still "proceed" to an arbitration where it may argue that the penalty was unwarranted.
>
> **But that is precisely why dispute resolution under the Manuals is so one-sided: OptumRx may unilaterally obtain penalties without resorting to arbitration, while the pharmacies must resort to arbitration in order to challenge penalties.**

Id. (emphasis added). As summarized by the court, "[t]he fact that OptumRx may engage in self-help while the pharmacies must arbitrate their claim is an indication of how one-sided the Manuals' dispute-resolution procedures are." Id. As a result of both the procedural and substantive unconscionability of the Manual, the appellate court in Platt affirmed the trial court's decision to strike the mandatory arbitration

[1] A copy of the opinion in annexed as Exhibit **"A"** to the Declaration of Mark Y. Moon, Esq. in Opposition to Optum's Motion to Dismiss.

provision in the Manual. Id. at *11 ("Having found a high degree of procedural unconscionability, we conclude that the foregoing factors are sufficient indications of substantive unconscionability to find that the arbitration provisions are unenforceable, without the need to analyze the additional factors relied on by the trial court"); see also Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999) (an agreement that is substantively unconscionable is grossly favorable to one side).

Here, Springview is not challenging the requirement to arbitrate disputes under the Manual, but is, instead, seeking to hold Optum to those same requirements. Optum's argument that it can terminate Springview even before the parties have engaged in arbitration would render the entire arbitration provision meaningless resulting in the same type of one-side self help expressly rejected in Platt. Instead, Springview is simply arguing that Section L's mandate that all disputes, "including Disputes regarding termination" apply to both Optum and Springview. See [ECF 1-1] (Verified Complaint at Exhibit **"A"**); see also 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 1214 (1998) ("because of the strong public policy in favor of arbitration, 'courts will 'indulge every intendment to give effect to such proceedings''") (quoting Moncharsh v. Heily & Blase, 3 Cal.4th 1, 9 (1992)). Any other interpretation of the Manual would result in the same exact type of unconscionability struck down in Platt.

**C. Any Ambiguities in the Manual Are Interpreted Against Optum**

Irrespective of the choice of law issues that may exist in this matter, both California and New Jersey law provide that any ambiguities in a contract of adhesion are interpreted against the drafter of the contract. Wyndham Construction, LLC v. Columbia Casulty Insurance Co., 208 F.Supp.3d 599, 602 (D.N.J. 2016); Spence v. Omnibus Industries, 44 Cal. App. 3d 970, 974 (Ct. App. 1975) ("Since the party of superior bargaining power not only prescribes the words of the instrument but the party who subscribes to it lacks the economic strength to change that language, any ambiguity in the contract is resolved against the draftsman and questions of doubtful interpretation will be construed in favor of the subscribing party."). A contract of adhesion is a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Spence, 44 Cal App. 3d at 973.

Here, Optum cannot legitimately argue that the Manual is not a contract of adhesion. In fact, there is no dispute that the Manual was both drafted and released by Optum without any negotiation or input from the pharmacies which are required to abide by its terms. Thus, as a matter of law, any ambiguity which exists are interpreted in favor of the pharmacies. Optum's attempt to utilize rules of contractual interpretation as a basis for its argument that it can terminate Springview without participating in arbitration suggests that Optum perceives an ambiguity that

exists between Section K and Section L of the Manual. [ECF 8-1] at *11 (arguing that specific provisions prevail over inconsistent general provision). Therefore, to the extent that this Court finds that there exists an ambiguity between Section K and Section L of the Manual, the provision must be interpreted in favor of Springview.

In addition, any interpretation of a contract that would render the contract lawful is preferred over interpretation which will make it unlawful. City of San Diego v. Rider, 47 Cal. App. 4th 1473, 1490 (1996) ("Under basic rules of statutory and contract construction, provision subject to both lawful and unlawful interpretations are to be interpreted in a manner which makes them lawful"); see also Boland v. Boland, 7 Cal. App. 2d 401, 405 (1935) ("when one of two possible interpretations will render a contract lawful and the other will make it unlawful, the former is to be preferred"). New Jersey's Any Willing Provider Statute provides that no PBM may operate within the State of New Jersey under contract provided without a provision that:

> Provides that no pharmacy or pharmacist shall be denied the right to participate as a preferred provider or as a contracting provider, under the same terms and conditions currently applicable to all other preferred or contracting providers, if the contract provides for coverage by contracted or preferred providers for pharmaceutical services, provided the pharmacy or pharmacist is registered. . . and accepts the terms and conditions of the contract.

N.J.S.A. 17:48-6j(a)(2)[2]. Thus, as a matter of law, Optum cannot simply terminate a participating pharmacy without cause in the State of New Jersey, but instead, must demonstrate some breach of the terms and conditions governing participation in its pharmacy network. Id. Thus, before Optum can terminate a pharmacy from its network, the pharmacy must be adjudicated as having violated the terms and conditions of the network. Id.

Here, Optum's interpretation of Section K and Section L would violate the Any Willing Provider Statute, because it would alleviate itself from any burden to demonstrate that a participating pharmacy violated the terms and conditions of the pharmacy network. Instead, Springview's interpretation which mandates that termination can only occur after arbitration is entirely consistent with the mandates of the statute, because Optum would have adjudicated its claims against Springview in arbitration. Therefore, Optum's interpretation that it can unilaterally terminate a member pharmacy violates the governing mandates that interpretation of contracts must be performed in a manner to render them consistent with governing law.

[2] A list of states with Any Willing Provider laws can be found online at https://dpbh.nv.gov/uploadedFiles/dpbhnvgov/content/Boards/RBHPB/Meetings/2018/35%20States%20with%20AWP.pdf

## POINT II

## THE FEDERAL DISTRICT COURT HAS THE JURISDICTION TO PROVIDE PROVISIONAL REMEDIES SUCH AS A STAY PENDING ARBITRATION EVEN IF CLAIMS ARE SUBJECT TO ARBITRATION

Although Springview does not contest Optum's application for a stay of this litigation pending the arbitration[3], Springview does disputes Optum's claim that this Court lacks the jurisdiction to adjudicate Springview's application for preliminary injunctive relief. Optum argues that Springview's application for preliminary injunctive relief is subject to the arbitration provision of the Manual. [ECF 8-1] at **15-18. Specifically, Optum argues that the Manual "delegates questions of jurisdiction and scope of dispute to the AAA." Id. at *15.

In its attempt to distinguish the Third Circuit Court of Appeals' ruling in Ortho Pharmaceutical Corp. v. Amgen, Inc., Optum mis-states the holding in that opinion. Optum argues that the Third Circuit "did not address whether a court can enter a preliminary injunction where the issue of arbitrability has been delegated to the arbitrator, or where the arbitrator also has the authority to grant motions for preliminary injunctions like the AAA can here." Id. at *15 (citing Ortho

[3] Springview simply seeks a provisional remedy to afford sufficient time for the arbitrator to be appointed and to adjudicate the relevant issues and claims related to Optum's termination of Springview from its pharmacy network to protect the meaningfulness of the arbitration proceedings.

Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806 (3d Cir. 1989). Instead, in Ortho, the Third Circuit examined whether the Federal Arbitration Act and an arbitration provision in a license agreement "abrogates the district court's power to issue a preliminary injunction in **an arbitrable dispute**." Ortho, 882 F.2d at 807 (emphasis added). Thus, the issue was not determined based on whether the issue was arbitrable, because the Third Circuit acknowledged that the issue was arbitrable. Id. In fact, the parties agreed that the underlying pending claims were subject to arbitration. Id. at 809. Specifically, the license agreement in that case "provided that the parties would submit to arbitration all disputes arising under the Agreement." Id. at 808. Thus, the Third Circuit concluded that:

> Therefore, we hold that a district court has the authority to grant injunctive relief in an **arbitrable dispute**, provided that the traditional prerequisites for such relief are satisfied.

Id. at 812. Thus, the relevant inquiry is not whether the issue is arbitrable, because regardless of whether the dispute is arbitrable, provisional remedies are available to this Court. Id.

The Third Circuit specifically examined the district court's equitable powers against the mandates of the Federal Arbitration Act wherein the court ruled that "[l]ike the majority of courts that have examined the issue, we find no conflict and thus no implicit prohibition." Id. at 812. In fact, the court concluded that:

> [T]his approach reinforces rather than detracts from the

> policy of the Arbitration Act.... We believe that the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto,* the meaningfulness of the arbitration process.

Id. (quoting Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986)). Based on its analysis, the Third Circuit affirmed the district court's authority ruling:

> Therefore, we hold that a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied.

Ortho, 882 F.2d at 812.

More recently, Judge Simandle further examined the Third Circuit's holding recognizing that the holding is focused on the ultimate arbitration of the dispute." Thompson v. Neinabar, 239 F.Supp.2d 478, 485 (D.N.J. 2002). While recognizing that the court should not probe into the underlying merits of a case that is subject to appeal, Judge Simandle did acknowledge that district court is "limited to the granting of temporary injunctive relief in an arbitrable dispute for the period when the parties await arbitration of their dispute." Id. In Thompson, the plaintiff did not file a motion for temporary restraints or for a preliminary injunction pending arbitration. Id. at 485. Thus, Judge Simandle dismissed the case based on the scope of the relief sought by the plaintiff that was subject to arbitration. Id.

Here, Springview's application for preliminary injunctive relief is not subject

to arbitration, because it falls squarely within the purview of this Court's ability to issue provisional remedies even if all controversies in a case are subject to arbitration. Irrespective of whether disputes involving injunctive relief are arbitrable, provisional remedies meant to protect the meaningfulness of the arbitration provision are appropriate and necessary because in the absence of such provisional remedies, Springview will be terminated before the arbitration can occur.

## CONCLUSION

For the foregoing reasons, Optum's Motion fails as a matter of law and must be denied. In addition to Optum's concession that its termination of Springview was not an immediate termination under Section K of the Manual, Optum's interpretation of Section K against Section L contravenes the applicable rules of contractual interpretation as: (i) the interpretation would result in an unconscionable contractual framework alleviating Optum from the requirements or arbitration but holding Springview to arbitration; (ii) the Manual is a contract of adhesion which requires an interpretation to the benefit of pharmacies; and (iii) allowing Optum to unilaterally terminate pharmacies would violate the New Jersey Any Willing Provider Statute. As to Optum's application for a stay of this matter pending arbitration, Springview does not object to a stay pending arbitration. However, as a matter of law, provisional remedies to protect the meaningfulness of the arbitration is both an available and appropriate mechanism regardless of whether the issues are arbitrable.

**TRENK ISABEL SIDDIQI &**
**SHAHDANIAN P.C.**
Attorneys for Plaintiff Health First
Pharmaceutical Inc. t/a Springview
Pharmacy

DATED: September 6, 2024

MARK Y. MOON