UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Health First Pharmaceutical Inc. t/a Springview Pharmacy,<br>Plaintiff,<br>v.<br>Optum RX,<br>Defendant. | Civil Action No. 2:24-cv-08041-SDW-JBC<br><br>Motion Day: September 16, 2024 |

**REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY**

# TABLE OF CONTENTS

**Page**


**I. INTRODUCTION** .......... 1

**II. ARGUMENT** .......... 2

- **A. OptumRx Is Not Required To Arbitrate Prior To Exercising Its Right To Terminate A Pharmacy for Cause** .......... 2
- **B. Springview Cannot Amend Its Pleadings Through Its Brief** .......... 3
- **C. Termination For Cause Clauses Are Not Unconscionable** .......... 4
  - **1. Springview's Agent Agreed To The Same Termination Provisions On Springview's Behalf** .......... 4
  - **2. The Termination Provisions Are Not Procedurally Or Substantively Unconscionable** .......... 7

**III. CONCLUSION** .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buck v. Hampton Twp. Sch. Dist.*,
452 F.3d 256 (3d Cir. 2006) ....................5

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir.1997) ....................5

*CAN Cmty. Health, Inc. v. N.J. AIDS Servs., Inc.*,
No. 2:23-cv-22376 (WJM), 2024 U.S. Dist. LEXIS 87383 (D.N.J. May 15, 2024) ....................5

*Car Carriers, Inc. v. Ford Motor Co.*,
745 F.2d 1101 (7th Cir. 1984) ....................3

*Copper Bend Pharm., Inc. v. OptumRx*,
No. 5-22-0211, 2023 IL App (5th) 220211-U, 2023 WL 2964485 (Apr. 14, 2023) ....................8

*D'Addario v. Johnson & Johnson*,
2021 U.S. Dist. LEXIS 63183 (D.N.J. Mar. 31, 2021) ....................3

*De Leon v. Bank of Am., N.A.*,
2009 U.S. Dist. LEXIS 106845 (M.D. Fla. Nov. 16, 2009) ....................4

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, ,
716 F.3d 764 (3d Cir. 2013) ....................7

*Mabe v. OptumRx*,
No. 3:17-cv-01102, 2024 U.S. Dist. LEXIS 128349 (M.D. Pa. July 22, 2024) ....................5, 7, 8

*Morgan Distrib. Co. v. Unidynamic Corp.*,
868 F.2d 992 (8th Cir. 1989) ....................3

*Mylan Labs., Inc. v. Akzo, N.V.*,
770 F. Supp. 1053 (D. Md. 1991) ....................3

*Odedra Enterprises, Inc.*,
2023 WL 377318, at *3-4 ....................8

*Peng v. First Republic Bank*,
219 Cal. App. 4th 1462 (2013) ....................................................................8

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*,
55 Cal. 4th 223 (2012) ....................................................................7

*Platt, LLC v. OptumRx, Inc.*,
2023 WL 2507259 (Cal. Ct. App. Mar. 15, 2023) ..............................................8

*Sanchez v. Valencia Holding Co., LLC*,
61 Cal. 4th 899 190 Cal. Rptr. 3d 812, 353 P.3d 741 (2015)...............................7

*South Miami Pharmacy, Inc.*,
2023 WL 3790628, at *6 ....................................................................8

*Wholesale All., LLC v. Express Scripts, Inc.*,
366 F. Supp. 3d 1069 (E.D. Mo. 2019) ..............................................................5

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir.1988) ....................................................................3

**Statutes**

Cal. Civ. Code § 2295....................................................................4

**Other Authorities**

CA Antitrust and Unfair Competition Law § 21.03 (2023)......................................5

Federal Rule of Civil Procedure 15(a) ....................................................................3

2 James Wm. Moore, Moore's Federal Practice § 12.34[2] (3d ed. 2022) ....................................................................4

## I. INTRODUCTION

In its opposition to OptumRx's Motion to Dismiss, Plaintiff Health First Pharmaceutical Inc. t/a Springview Pharmacy ("Springview") still cannot demonstrate that the plain, unambiguous language of the Provider Manual prohibits OptumRx from terminating it prior to the completion of arbitration. Instead, Springview misstates the contents of the Provider Manual and argues for the first time that the dispute resolution and arbitration provision of the Provider Manual is unconscionable because OptumRx can terminate a pharmacy for cause without completing arbitration. This new argument should be ignored not only because it was raised for the first time in Springfield's opposition brief and not pleaded, but also because Springview's agent agreed to the same standard termination terms in the agreement it signed with OptumRx on Springview's behalf.

For these reasons, Springview's Complaint should be dismissed with prejudice and the temporary restraining order should be dissolved. In the alternative, Springview should be ordered to bring its Motion for Preliminary Injunctive Relief before the American Arbitration Association within one week of this Court's order.

## II. ARGUMENT

### A. OptumRx Is Not Required To Arbitrate Prior To Exercising Its Right To Terminate A Pharmacy for Cause

Springview's argument that Section K is irrelevant to the analysis because it applies only to immediate terminations is objectively wrong. Section K deals with all terminations, including terminations for cause with notice:

> In addition to the reasons for immediate termination or suspension set forth above and in the Agreement, [OptumRx] may terminate or suspend Network Pharmacy Providers in accordance with state law notice requirements where applicable, from the network for reasons, which include but are not limited to . . . Breach of any terms set forth in the Agreement, PM [Provider Manual], Addendum, and other Administrator documents"

Dkt. 7-7 at 6. Pharmacies may appeal the termination decisions. *Id.* at 7. Nowhere in this section is OptumRx required to arbitrate prior to terminating for cause for non-immediate terminations.

The fact that all termination decisions are subject to arbitration does not mean OptumRx cannot terminate prior to arbitration. It simply identifies the forum for the dispute, just as it does for any other type of dispute. *See* Dkt. 8-1 at 12-13 (demonstrating why arbitration clause does not prohibit either party from taking action on any type of dispute). Springview has not demonstrated otherwise or addressed why terminations should be subject to different requirements than all other types of disputes that are also subject to arbitration.

The Provider Manual is clear and unambiguous. All disputes must be heard in arbitration, not in court, but neither party is prohibited from taking action on a dispute prior to completing an arbitration.

### B. Springview Cannot Amend Its Pleadings Through Its Brief

Springview's argument that reading the Provider Manual to permit termination prior to arbitration is unconscionable is not only a failed argument but an impermissible one because it is an attempt to raise a new claim for the first time in its briefing. *See* Dkt. 9 at 6-8.

Nowhere in its Complaint does Springview allege any portion of the Provider Manual is unconscionable, *see generally* 1-1 at 4-16, but does so now in its opposition, *see* Dkt. 9 at 6-8. A court cannot consider claims raised for the first time in a response to a motion to dismiss because to do so would effectively allow a party to circumvent the amendment requirements of Federal Rule of Civil Procedure 15(a). *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) ("[L]egal theories set forth in [a] brief are helpful only to the extent that they find support in the allegations set forth in the complaint."); *D'Addario v. Johnson & Johnson*, 2021 U.S. Dist. LEXIS 63183, at *7-*8 (D.N.J. Mar. 31, 2021) (same); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))); *Morgan Distrib. Co. v.*

*Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (same); 2 James Wm. Moore, Moore's Federal Practice § 12.34[2] (3d ed. 2022). Because Springview did not raise its claim of unconscionability in its Complaint, it cannot do so now in response to OptumRx's Motion to Dismiss. *See id.*; *De Leon v. Bank of Am., N.A.*, 2009 U.S. Dist. LEXIS 106845, at *9 n.5 (M.D. Fla. Nov. 16, 2009) ("Because [plaintiff] did not assert a cause of action for unconscionability in her Amended Complaint, she is barred from raising it now. A plaintiff may not amend a complaint through briefs in opposition to a motion to dismiss.").

### C. Termination For Cause Clauses Are Not Unconscionable

Springview now argues that the Provider Manual is unconscionable because it permits terminations for cause before the conclusion of arbitration. Springview's argument is essentially that contracts authorizing terminations for cause are unconscionable unless the termination is fully litigated before implementing the decision to terminate. Not only is this absurd, but it also legally and factually unsupportable.

#### 1. Springview's Agent Agreed To The Same Termination Provisions On Springview's Behalf

As Springview admits, it participates in OptumRx's network through a Pharmacy Services Administrative Organization ("PSAO") called Elevate, operated by CardinalHealth. *See* Dkt. 1-1 at 6 (Compl. ¶ 9). PSAOs, including Elevate, review, negotiate, and execute all Pharmacy Benefit Management

contracts, such as the one with OptumRx, on behalf of the pharmacy. *See* Cal. Civ. Code § 2295 ("An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency."); *Mabe v. OptumRx*, No. 3:17-cv-01102, 2024 U.S. Dist. LEXIS 128349, at *38 (M.D. Pa. July 22, 2024) (PSAOs are "collective bargaining groups of contracted pharmacies that negotiate contracts with other entities in the pharmaceutical supply and payment chain" quoting 1 CA Antitrust and Unfair Competition Law § 21.03 (2023)); *see also id.* ("PSAOs are the recognized agents of independent pharmacies in negotiating contracts with PBMs. Indeed, that is one of the principal purposes of a PSAO—to take over the contracting function for, and on behalf, of its member pharmacies."); *Wholesale All., LLC v. Express Scripts, Inc.*, 366 F. Supp. 3d 1069, 1073 (E.D. Mo. 2019) ("PSAOs provide administrative services to pharmacies, including processing claims, providing operational support, and negotiating contracts with insurance companies and pharmacy benefit managers ("BMs"). There are 22 PSAOs nationwide.").

Elevate executed a Pharmacy Network Agreement with OptumRx "as the authorized contracting agent for and on behalf of those participating pharmacies which are members in Company's network of pharmacies." Dkt. 7-6 at 1.[1] The

[1] "[A] document integral to or explicitly relied upon in the complaint may be considered." *CAN Cmty. Health, Inc. v. N.J. AIDS Servs., Inc.*, No. 2:23-cv-22376 (WJM), 2024 U.S. Dist. LEXIS 87383, at *8 (D.N.J. May 15, 2024) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997); *see also*

Agreement, which is governed by California law, identifies the basis upon which OptumRx may terminate an individual pharmacy from its network, including if OptumRx "determines in its sole and absolute discretion that Pharmacy or pharmacist has violated [OptumRx's] policies and procedures, including without limitation those included in the Pharmacy Manual in the provision of Covered Prescription Services." *Id.* at § 5.2.4, § 11.11. "Pharmacies that are terminated in accordance with Section 5 of the Agreement will be provided a written notice describing the reason[s] for such termination and an opportunity to request a hearing to appeal such termination." *Id.* at 5.2.6. This is the same standard applied in the Pharmacy Provider Manual. *See* Dkt. 7-7 at 6 (OptumRx "may terminate or suspend Network Pharmacy Providers in accordance with state law notice requirements where applicable, from the network for reasons, which include, but are not limited to . . . Breach of any of the terms set forth in the Agreement, PM, Addendum and other Administrator documents"); *see id.* at 7 ("Network Pharmacy Providers that have received notice of disciplinary action may request an informal Appeal Hearing, if applicable, at which the representatives of the pharmacy may

---

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("we may consider ... any matters incorporated by reference or integral to the claim" (internal quotations and citation omitted)). In its Verified Complaint, Springview alleges that it "has been a participating pharmacy in Optum's network though a contract with Elevate Provider Network ("Elevate"), a Pharmacy Service Administrative Organization ("PSAO") which contracted directly with Optum." *See* Dkt. 1-1 at 6 (¶ 9). This Court may therefore consider the PSAO contract signed by OptumRx and Elevate on behalf of Springview.

present documentation and relevant information in support of their position. The appeal panel hears the appeal and reviews additional documentation presented to evaluate the original decision to terminate").

### 2. The Termination Provisions Are Not Procedurally Or Substantively Unconscionable

Springview bears the burden of demonstrating unconscionability. *See Mabe*, 2024 U.S. Dist. LEXIS 128349 at *43 (citing *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 n.5 (3d Cir. 2013)). Under California law, a court must find evidence of *both* substantive and procedural unconscionability to invalidate a contract. *Id.* (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 190 Cal. Rptr. 3d 812, 353 P.3d 741 (2015)). Springview does neither here.

Finding "procedural unconscionability requires oppression or surprise." *Id.* (citing *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 247 (2012)). Here, there can be no procedural unconscionability because the Provider Agreement agreed to by Springview's PSAO contains the same termination provisions as the Provider Manual. *See Mabe*, 2024 U.S. Dist. LEXIS 128349 at *47-48 (finding no procedural unconscionability because pharmacies agreed to be bound by their PSAO when contracting with other entities such as OptumRx).

An agreement that is substantively unconscionable is grossly favorable to one side. *Id.* But a contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be 'so one-sided as to "shock the conscience."'" *Id.* (quoting *Pinnacle*, 55 Cal. 4th at 246). A party being able to terminate a contract for cause without litigating the dispute is a standard contractual clause and certainly not one that "shocks the conscience," particularly given that Springview's PSAO agreed to those same terms in the Provider Network Agreement as are in the Provider Manual. *Compare* Dkt. 7-6 at 5.2.4 *with* Dtk. 7-7 at 8. Not surprisingly, Springview has not cited and OptumRx has not found any cases holding that allowing one party to terminate for cause prior to the termination of litigation or arbitration renders the clause unconscionable. Such a requirement would turn standard contracting on its head.

*Platt, LLC v. OptumRx, Inc.*, 2023 WL 2507259 *1 (Cal. Ct. App. Mar. 15, 2023), the case Springview relies on to support its unconscionability argument, is not only unpublished and uncitable in California courts, but also does not address the termination provisions in the Provider Manual and has been rejected by another court in this Circuit. *See Mabe*, 2024 U.S. Dist. LEXIS 128349 at *47-48 (holding arbitration provisions not unconscionable and rejecting *Platt*); *Copper Bend Pharm., Inc. v. OptumRx*, No. 5-22-0211, 2023 IL App (5th) 220211-U, 2023 WL 2964485, at *16 (Apr. 14, 2023) (holding Provider Manual arbitration provisions not unconscionable); *see also South Miami Pharmacy, Inc.*, 2023 WL 3790628, at

*6; *Odedra Enterprises, Inc.*, 2023 WL 377318, at *3-4; *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462 (2013), as modified (Oct. 2, 2013) (unilateral modification provision did not render agreement substantively unconscionable).

Springview has not and cannot demonstrate the termination provisions are unconscionable.

## III. CONCLUSION

The Court should grant OptumRx's Motion to Dismiss because the plain language of the Provider Manual precludes Springview's claims. In the alternative, the Court should stay this litigation and require Springview to bring its claims before the AAA within one week of its order because the arbitration clause in the Provider Manual requires Springview to arbitrate its claims.

Respectfully submitted,

/s/ Bruce R. Ewing

Bruce R. Ewing
DORSEY & WHITNEY LLP
51 W 52nd St,
New York, NY 10019
(212) 415-9200